UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 10-62458-Civ-DIMITROULEAS/SNOW

MONICA HIDALGO, and all other
similarly-situated individuals,

      Plaintiff,

      v.

POMPANO BEACH CLUB NORTH ASSOCIATION, INC.,
JULIANNE BURNETT, VERDONE PETER,
SERA MARTELL, MATTHEW PODLASZEWSKI,
JOHN BYRNE, CAROL FRANKEL, and MOLLY PAPPAS,

      Defendants.
_____/

## ORDER

THIS CAUSE is before the Court on Defendants' Motion to Compel Responses to Defendants' First Set of Interrogatories and First Request for Production (Docket Entry 24), which was referred to United States Magistrate Judge Lurana S. Snow.

The motion asserts that the Plaintiff's response to the interrogatories consisted of five pages of blanket objections and a final statement that interrogatories 1-18 were "vague and ambiguous and not sufficiently stated with reasonable particularity also [sic] objects to the topic because it is overly broad, unduly burdensome, and not relevant to the parties' claims and defenses in this lawsuit." (DE 24-3, p. 6) The Plaintiff's response to the Request for Document Production consisted of six pages of blanket objections and a statement that without waiving the objections the Plaintiff would produce forthwith all documents in her possession, custody and control which are responsive to requests 1-14. (DE 24-4, p. 6) No documents were produced. The Defendants ask the

Court to order the Plaintiff to withdraw the frivolous objections and amend the discovery responses. The Defendants seek sanctions for the Plaintiff's obstructive discovery practices.

Counsel for the Defendants also stated that he had attempted to confer with Plaintiff's counsel twice by e-mail and received one phone message in response: that counsels' assistants should coordinate a time to confer. Defendants' counsel responded by e-mail with several phone numbers and stated that he would be available at any time. Plaintiff's counsel did not respond.

The Plaintiff's response to the motion states that on the day the response was filed, amended responses to the interrogatories and document requests were served. The Plaintiff asserts that the motion is now moot. Counsel also argues that sanctions are not warranted. Counsel did not act in bad faith and did not seriously disrupt the litigation process, since the discovery deadline was more than four months away.

The Defendants' reply contends that sanctions are warranted because the amended responses were not served until after the motion to compel was filed. Plaintiff's counsel refused to discuss the matter prior to the filing of the motion. Moreover, the Plaintiff has not made any attempt to defend for the frivolous objections initially asserted. Counsel made no effort to answer even the most basic interrogatories, such as the names of persons who may have knowledge of the facts of the case. Indeed none of the interrogatories were addressed individually in the initial response. Nor has the Plaintiff produced any documents with her amended response to the document requests. Even though it was early in the discovery period, such actions are evidence of bad faith.

Fed.R.Civ.P. 37(a)(4) provides that for the purposes of subdivision (a) an evasive or incomplete answer or response must be treated as a failure to answer or respond. Fed.R.Civ. P. 37(a)(5) provides if the

>   requested discovery is provided afer the motion is filed - the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees. But the court must not order this payment if:
>   . . .
>   (ii)    the opposing party's nondisclosure, response, or objections substantially justified; or
>   (iii)   other circumstances make an award of expenses unjust.

Plaintiff's counsel has not demonstrated that the blanket objections were substantially justified.  Nor has counsel presented circumstances which make an award of expenses unjust.  Counsel's pages of blanket objections, refusal to respond to any of the individual interrogatories, apparent refusal to confer with Defendants' counsel regarding the responses, failure to provide documents with the amended response to the request for documents, and the dubious assertion that none of this was done in bad faith, demonstrate that sanctions against the Plaintiff's counsel are warranted.  With the Court being advised, it is hereby

ORDERED AND ADJUDGED as follows:

1. The motion to compel is DENIED as moot.

2. The motion for sanction against the Plaintiff's attorney is GRANTED.  The Defendants shall file, on or before August 23, 2011, an affidavit of expenses for the instant motion, including attorney's fees.

DONE AND ORDERED at Fort Lauderdale, Florida, this 12th day of August, 2011.

*[signature]*
LURANA S. SNOW
UNITED STATES MAGISTRATE JUDGE

Copies to:
All Counsel of Record